| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| VARTKES YEGHIAYAN SBN# 41773<br>YEGHIAYAN LAW FIRM<br>330 NORTH BRAND BLVD., SUITE 1280<br>GLENDALE, CA 91203<br>TEL (818) 242-7400<br>FAX (818) 242-0114 | **FILED & ENTERED**<br><br>**AUG 01 2016**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** bakchell **DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |
| ☐ *Debtor(s) appearing without attorney*<br>X☐ *Attorney for*: THOMAS MERVYN HALL | |

**ORDER NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA –*LOS ANGELES* DIVISION**

| In re:<br><br>THOMAS MERVYN HALL<br><br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 16-12045-RK<br>CHAPTER: 7 |
|---|---|
| | **ORDER:   ☐ GRANTING   ☒ DENYING**<br>**MOTION TO AVOID JUDICIAL LIEN**<br>**UNDER 11 U.S.C. § 522(f) AND FOR**<br>**TURNOVER OF PERSONAL PROPERTY** |
| | ☒ No hearing held<br>☐ Hearing held<br>DATE:<br>TIME:<br>COURTROOM:<br>PLACE: |

**Creditor Holding Lien to be Avoided** (*name*): *American Express*

The Motion was:    ☐ Opposed    ☒ Unopposed    ☐ Settled by stipulation

Pursuant to 11 U.S.C. § 522(f) and LBR 9013-1(o), Debtor moved to avoid lien on personal property claimed to be exempt, with respect to creditor. The court finds and orders as follows:

1. ☐ Notice of this motion complied with LBR 9013-1(d).

2. ☐ Notice of this Motion complied with LBR 9013-1(o).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*    Page 1    **F 4003-2.2.AVOID.LIEN.PP.ORDER**

a. ☐ There was no opposition and request for hearing.

b. ☐ Hearing requested and held as indicated in the caption.

3. Motion granted:

   a. ☐ The liens sought to be avoided are non-purchase money security interests in personal property

   b. ☐ The personal property collateral is exempt under:

   (1) ☐ Calif. Code of Civil Procedure § _____ (household goods)

   (2) ☐ Calif. Code of Civil Procedure § _____ (jewelry)

   (3) ☐ Calif. Code of Civil Procedure § _____ (musical instruments)

   (4) ☐ Calif. Code of Civil Procedure § _____ (tools of trade)

   (5) ☐ Calif. Code of Civil Procedure § _____ (specify):

   (6) ☐ Other statute (specify):

4. Motion denied on the following grounds:   ☐ With Prejudice   ☒ Without Prejudice

   a. ☒ Insufficient notice

   1. **Local Bankruptcy Rule 4003-2(c)(1) requires that "[t]he motion, notice, and supporting documents must be served on the holder of the lien to be avoided in the same manner as a summons and complaint under FRBP 7004." The proof of service of the Notice and Motion does not show that Movant served American Express, the creditor whose liens are to be avoided, as required by Local Bankruptcy Rule 4003-2(c)(1) and Federal Rule of Bankruptcy Procedure 7004.**

   2. **Furthermore, Local Bankruptcy Rule 4003-2(c)(2) requires that "[t]he motion, notice, and supporting documents also must be served on any other holder of a lien or encumbrance against the subject property." The proof of service of the Notice and Motion does not show that Movant served Wells Fargo, another lienholder on the property, in compliance with Local Bankruptcy Rule 4003-2(c)(2). Because Wells Fargo is an insured depository institution, Movant must serve Wells Fargo by certified mail as required by Federal Rule of Bankruptcy Procedure 7004(h).**

   b. ☐ Failure to comply with FRBP 7004(b)(3) and Calif. Code of Civil Procedure § 416.10 for corporations

   c. ☐ Failure to comply with FRBP 7004(h).

   d. ☒ Insufficient evidence of the exempt status of the property in question

   1. **Local Bankruptcy Rule 4003-2(d)(4) and (5) requires that the motion be accompanied by a declaration or other competent evidence establishing the specific statutory authority for the claimed exemption and the value or amount claimed exempt. Movant declares in his declaration attached in support of his Motion that he is entitled to a $175,000 homestead exemption in the subject real property ("Property") pursuant to California Code of Civil Procedure § 704.950. However, California Code of Civil Procedure § 704.950 does not specifically provide for a homestead exemption in that amount. Maybe Movant meant California Code of Civil Procedure § 704.730(3) which provides for a homestead exemption in that amount for an older, disabled or low income person, which status is not shown in the moving papers. Additionally, in Movant's filed Schedule C, a copy of which Movant did not attach to his Motion, shows that Movant does not claim any homestead exemption in the Property. It is also a problem that Debtor answered no on his Schedule C to the question whether he claims a homestead exemption of more than $155,675, which is now inconsistent with his representations in this motion. Movant's Schedule C will have to be amended to reflect his claimed homestead exemption in the Property in his Motion. Accordingly, Movant has not provided competent evidence establishing the specific statutory authority for his claimed homestead exemption in the Property and the value or amount claimed exempt as required by Local Bankruptcy Rule 4003-2(d)(4) and (5).**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                              Page 2                              **F 4003-2.2.AVOID.LIEN.PP.ORDER**

e. ☒ Other *(specify)*:

1. **Movant used an incorrect court form to file his Motion. Movant seeks to avoid two judgment liens of American Express against the Property. However, Movant used court form F 4003-2.2.AVOID.LIEN.PP.MOTION, which is the court's standard motion form to avoid liens under 11 U.S.C. § 522(f) <u>against personal property and not real property</u>. Movant should have used court form F 4003-2.1.AVOID.LIEN.RP.MOTION.**

2. **By this Motion, Movant seeks to avoid two judgment liens of American Express against the Property. However, Local Bankruptcy Rule 4003-2(b)(1) provides that "[a] separate notice and motion must be filed for each lien sought to be avoided." Thus, Movant must file a separate notice and motion for each lien of American Express that he seeks to avoid.**

3. **Local Bankruptcy Rule 4003-2(d)(2) requires that the motion be accompanied by a declaration or other competent evidence establishing the fair market value of the Property. Here, although Movant attached an appraisal report and opinion to the Motion, he failed to attach a declaration under penalty of perjury of the appraiser who prepared the appraisal report in order to authenticate it and to lay a foundation for the report and opinion as written testimony as required by Federal Rules of Evidence 603 and 901 and 28 U.S.C. § 1746(2).**

4. **Movant failed to attach a declaration or other competent evidence establishing American Express' judgment liens against the Property and the balance remaining on its claims in compliance with Local Bankruptcy Rule 4003-2(d)(1) (e.g., copies of abstracts of judgment to demonstrate the judgment liens).**

5. **Movant failed to attach a declaration or other competent evidence establishing Wells Fargo's lien against the Property and the amount due and owing on such lien in compliance with Local Bankruptcy Rule 4003-2(d)(3) (e.g., a copy of the deed of trust with recordation data and a copy of a monthly account statement showing the amount due).**

5. a. ☐ Turnover of property required under 11 U.S.C. § 542.

b. ☒ The court further orders as follows *(specify)*: **Movant is granted leave to file and serve an amended motion which corrects the deficiencies identified in this order within 60 days of entry of this order.**
☐ See attached page

### 

Date: August 1, 2016

_____
Robert Kwan
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                    Page 3                    F 4003-2.2.AVOID.LIEN.PP.ORDER